**MARCO SUPPLY COMPANY, INC. a Virginia corporation, Plaintiff–Appellant,**

v.

**AT & T Communications, Inc., Defendant–Appellee.**

No. 88–2612.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1989.

Decided June 2, 1989.

Claude Marshall Lauck (Gilmer F. Flippin, Glenn, Flippin, Feldmann & Darby on brief), for plaintiff-appellant.

David Gant Shuford (Mays & Valentine on brief), for defendant-appellee.

Before RUSSELL and MURNAGHAN, Circuit Judges, and STAKER, United States District Judge

for the Southern District of West Virginia, sitting by designation.

PER CURIAM:

This case comes before us on appeal from the district court's dismissal of the amended complaint for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In its complaint, the appellant Marco Supply Company (hereinafter "Marco") had alleged that it had contracted with the appellee AT & T Communications, Inc. (hereinafter "AT & T") for AT & T to install a computer-telephone network linking Marco's offices located at different, distant locations. This contract was entered into by Marco based upon AT & T'S quotation to Marco, both orally and in writing, of what the installation costs and monthly service charges for the network would be. However, when Marco received the first billing for the network, it discovered that it was being charged half again as much for the installation charges and approximately three times as much for the monthly service charge than the prices quoted to it by AT & T. When Marco protested those charges to AT & T, Marco was informed that the prices that had been quoted to it were erroneous and that those for which it had been billed were the rates established by the applicable tariff filed with the Federal Communications Commission (hereinafter "FCC").

Marco's suit against AT & T alleged that it had breached its contract with Marco by charging rates higher than those quoted to and relied on by Marco in entering into the contract. Claims for both negligent and willful misrepresentation were also asserted. AT & T moved to dismiss the complaint on the ground that it was required by law to charge Marco at the rates actually billed because those were the rates established by tariffs with state and federal regulatory agencies.

In dismissing the complaint, the district court agreed that AT & T was required by 47 U.S.C. § 203(c) to charge all of its customers only the rates established in the tariffs filed with and approved by the FCC and that AT & T could not be estopped by prior representations from charging the

tariff rate, and held that Marco had no cause of action for negligence. Finally, the district court ruled that Marco could not prevail on its willful misrepresentation claim, because it could not have relied on any misrepresentation as to the applicable rate inasmuch as customers of regulated carriers are presumed to know the actual applicable rates to be charged.

On appeal, Marco contests only the dismissal of its willful misrepresentation claim. It argues that the authority relied on by the district court in its ruling that a regulated carrier cannot be held to a representation, even an intentional one, that misstates the applicable rate is not binding because statements to that effect were only *dicta*. Marco also argues that general legal and equitable principles do not allow a party to mislead another to the other's detriment and then argue that the other should have known better. Finally, Marco contends that the applicable tariff relied on by AT & T does not limit its liability for willful misconduct. *See Stand Buys, Ltd. v. Michigan Bell Telephone Co.*, 646 F.Supp. 36 (E.D.Mich.1986).

■ Marco's problem in this case is that while it may have equity on its side, the law is against it. The general case law is that a regulated carrier *must* charge the tariff rate established with the appropriate regulatory agency, even if it has quoted or charged a lower rate to its customer. *Louisville & Nashville Railroad v. Maxwell*, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853 (1915); *Illinois Central Gulf Railroad v. Golden Triangle Wholesale Gas Co.*, 586 F.2d 588, 592 (5th Cir.1978); *New Jersey Bell Telephone Co v. Town of West Orange*, 188 N.J.Super. 455, 457 A.2d 1196 (Super.Ct.App.Div.1982); *Chesapeake & Potomac Telephone Co. v. Bles*, 218 Va. 1010, 243 S.E.2d 473 (1978); *Massaponax Sand & Gravel Corp. v. Virginia Electric & Power Co.*, 166 Va. 405, 186 S.E. 3 (1936). To do otherwise would be giving a preference to and discriminating in favor of the customer in question. Furthermore, the aggrieved customer cannot assert that the carrier is estopped to charge the actual tariff rate because customers are pre-

sumed to know what the applicable tariff is. *Missouri Pacific Railroad v. Rutledge Oil Co.*, 669 F.2d 557, 559 (8th Cir.1982); *Aero Trucking, Inc. v. Regal Tube Co.*, 594 F.2d 619, 621 (7th Cir.1979); *Golden Triangle, supra*. Finally, courts have held that a customer does not have a claim for relief against a carrier even if the latter's representation as to applicable rates is fraudulent. *Consolidated Freightways Corp. v. Terry Tuck, Inc.*, 612 F.2d 465 (9th Cir. 1980) (per curiam), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2990, 64 L.Ed.2d 856 (1980); *F. Burkhart Mfg. Co. v. Fort Worth & D.C. Ry. Co.*, 149 F.2d 909 (8th Cir.1945); *Aero Trucking, supra*. *Stand Buys, Ltd., supra*, does not stand to the contrary.

■ We hold that these principles apply to contracts entered into between carriers whose rates are regulated by the Federal Communications Commission and their customers. Consequently, AT & T was required to charge the rate in the applicable tariff, rather than the rate, contrary to that tariff, that was initially quoted to Marco by AT & T. The district court's decision is

AFFIRMED.