MCI TELECOMMUNICATIONS
CORP., Plaintiff,

v.

MANAGEMENT SOLUTIONS,
INC., Defendant.

Civ. No. 91–0184–P–C.

United States District Court,
D. Maine.

June 3, 1992.

ORDER REJECTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

The United States Magistrate Judge having filed with the Court on April 10, 1992, with copies to counsel, his Recommended Order Granting Plaintiff's Motion for Summary Judgment (Docket No. 24); and Defendant having filed its Objection to the Magistrate Judge's Recommended Order on March 21, 1992 (Docket No. 25), to which Plaintiff responded on April 27, 1992 (Docket No. 29); and this Court having reviewed and considered the Magistrate Judge's Recommended Order, together with the entire record, and having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Order; and this Court failing to concur with the recommendations of the United States Magistrate Judge that Plaintiff's Motion for Summary Judgment be granted, and having determined that trial proceedings herein are necessary; it is hereby ORDERED as follows:

(1) The Recommended Order of the Magistrate Judge is hereby REJECTED;

(2) Plaintiff's Motion for Summary Judgment is hereby DENIED; and

(3) This matter shall be set to proceed to trial as soon as the Court's calendar will permit.

The Court is satisfied from a full review of the record herein that there remains a genuine issue of fact for trial, *inter alia, viz,* whether the conduct of Plaintiff's employees, in advising Defendant's employees that the problem with respect to unauthorized service charges "was being" or "would be taken care of" and failure to take affirmative action to follow up on said representation in light of the state of the Plaintiff's employees' knowledge as to the possible consequences of failure to accomplish such follow-up action, constitutes

"willful misconduct" within the meaning of the MCI Tariff, Section B, ¶ 4.02, page 10, and within the contemplation of the rationale of *MCI Telecommunications Corp. v. TCI Mail, Inc.*, 772 F.Supp. 64, 67 (D.R.I. 1991). The Court is satisfied that the matter should proceed to trial.

## RECOMMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEAULIEU, United States Magistrate Judge.

This matter is before the Court on plaintiff MCI Telecommunications Corp. ("MCI")'s Motion for Summary Judgment filed on March 18, 1992. Defendant Management Solutions, Inc. ("Management") filed its response in opposition to the motion for summary judgment on March 30, 1992.

The complaint sets forth a claim to recover the sum of $12,678.12 for telecommunication services provided by plaintiff to defendant pursuant to MCI Tariff F.C.C. No. 1 ("Tariff") filed with the Federal Communications Commission. Plaintiff claims that the amount is due and owed for services provided and that plaintiff has made demand for such payment, which has been refused by the defendant.

The standard to be applied when addressing a motion for summary judgment has been articulated by the First Circuit as follows:

> [T]he movant must adumbrate "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both "material," in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976), and "genuine," in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. "The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> > [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989) (quoting *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11).

Many of the relevant facts are not in dispute and they are set forth as follows:

Between September, 1989 and December, 1989, Management experienced a problem with persons gaining unauthorized access to its telephone equipment. This equipment was obtained and maintained by Management on its premises. Unauthorized persons were able to use Management's telephone equipment by calling in on its MCI "800" service and obtaining a dial tone to place an outgoing call on MCI supplied Long Distance Message Telecommunications Services. Through this process, Management incurred metered usage on its MCI service totalling $12,765.95 which MCI alleges is due.

The telephone equipment utilized by Management was purchased and installed by a third-party, not a party to this action, in 1986. The equipment is known as the PBX DISA or "Direct Inward System Access" function. The DISA function allows a person who is off the customer's premises to call into the customer's telephone

equipment and obtain a dial tone by entering a remote access code. Once a person has entered the access code he can obtain a dial tone and call any location included within the customer's service calling area using the services of MCI.

In October, 1989, Management notified MCI that it had a "billing problem" as a result of unauthorized access to its telephone equipment. Management was being charged for numerous unauthorized telephone calls to the Dominican Republic. In December, 1989, Management received an educational brochure from MCI describing "PBX fraud." The term "PBX Fraud" refers to unauthorized calls which are made possible by the caller gaining access to the customer's PBX computerized telephone equipment. Upon receiving the educational brochure, Management contacted MCI and determined that the billing problems previously experienced could be the result of PBX fraud. Upon receipt of that information, Management contacted its equipment vendor and had the PBX remote access code changed. Fraudulent usage stopped after the remote access code was changed.

MCI demands that Management pay the charges that had resulted from unauthorized use. Management refuses to pay the charges on the grounds that the charges were not authorized. MCI claims that it is entitled to judgment as a matter of law because by the terms of its Tariff all usage incurred is the responsibility of the customer.

"PAYMENT ARRANGEMENTS

The customer is responsible for payment of all charges for services furnished to the customer or its joint or authorized users."

Tariff § B–7.01, Exhibit E attached to Plaintiff's Memorandum in Support of its Motion for Summary Judgment.

"The general case law is that a regulated carrier must charge the tariff rate established with the regulatory agency." *Marco Supply Company, Inc. v. AT & T Communications, Inc.*, 875 F.2d 434 (4th Cir.1989).

Management has not filed a counterclaim in this matter.

In its opposition to the motion for summary judgment, Management argues that the MCI tariff does not limit MCI's liability if the facts establish that MCI committed "willful misconduct".

MCI Tariff, Section B, paragraph 4.02, page 10, reads:

"MCI's liability for willful misconduct if established as a result of judicial or administrative proceedings, is not limited by this tariff."

Willful misconduct, if proven, discharges liability under the tariff relied upon by MCI. *MCI Telecommunications Corp. v. TCI Mail, Inc.*, 772 F.Supp. 64, 67 (D.R.I. 1991).

In *Berner v. British Commonwealth Pacific Airlines, Ltd.*, 346 F.2d 532, 536–37 (2d Cir.1965), *cert. denied*, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966), the court defined willful misconduct as:

the intentional performance of an act with knowledge that the performance of that act will probably result in injury or damage, or it may be the intentional performance of an act in such a manner as to imply reckless disregard of the probable consequences * * *, [or] the intentional omission of some act, with knowledge that such omission will probably result in damage or injury, or the intentional omission of some act in a manner from which could be implied reckless disregard of the probable consequences of the omission * * *.

Reviewing the record for summary judgment purposes in the light most favorable to defendant Management, the record reveals the following facts.

Management received the first invoice reflecting unauthorized calls to the Dominican Republic in September, 1989. In October, 1989, Management contacted representatives of MCI advising them of the problem and were told at that time that the matter would be taken care of. In December, 1989, Management received the information from MCI describing "PBX Fraud". At that point Management took steps to change its access code and there was no further use of Management's lines for unauthorized calls.

There is no evidence of any "intentional performance of an act" by MCI with the knowledge that the performance would result in injury or damage or in reckless disregard of the probable consequences. Also, there is no evidence from which a reasonable factfinder could infer any intentional omission by MCI with knowledge that the omission would result in injury or damage or in reckless disregard of the probable consequences of the omission. At most, a factfinder could infer negligence. I conclude that there is no material fact as to whether MCI engaged in willful misconduct.

I therefore recommend that the Plaintiff's Motion for Summary Judgment be GRANTED.

### Notice

A party may file objections to those specified portions of this report or proposed findings or recommended decision for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten days after being served with a copy hereof. A responsive memorandum shall be filed within ten days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.