The CAPPS AGENCY, INC.,
Plaintiff/Counterdefendant,

v.

MCI TELECOMMUNICATIONS
CORPORATION,
Defendant/Counterplaintiff.

No. 91–855–CIV–ORL–91.

United States District Court,
M.D. Florida,
Orlando Division.

June 10, 1993.

Harry G. McConnell, Monaco, Smith, Hood, Perkins, Orfinger & Stout, Daytona Beach, FL, for Capps Agency, Inc.

Rebecca A. Henson, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, Laura B. Brody, MCI Telecommunications Corp.; and Douglas G. Bonner, Washington, DC, for MCI Telecommunications Corp.

## ORDER

FAWSETT, District Judge.

This case was considered by the Court at a hearing on June 8, 1993 upon Counterplaintiff MCI Telecommunications Corporation's Motion in Limine to Limit Scope of Evidence and Memorandum of Law in Support thereof (Doc. No. 74, filed May 17, 1993). In addition, the Court considered Defendant/Counterplaintiff's ("MCI") Trial Brief (Doc. No. 73, filed May 17, 1993) and Plaintiff/Counterdefendant's ("Capps") Trial Brief (Doc. No. 76, filed May 21, 1993). Counsel for both parties were present.

After considering the filings in the case and the argument of counsel, the Court enters its Order as follows:

1. Counterplaintiff MCI Telecommunications Corporation's Motion in Limine to Lim-

it Scope of Evidence (Doc. No. 74) is **GRANTED.**

■ The Counterclaim which represents payment due MCI for "800" service it provided to Capps is governed by MCI's tariff filed with the Federal Communications Commission. Based on the "filed rate doctrine," *see Maislin Industries U.S. v. Primary Steel, Inc.,* 497 U.S. 116, 126–27, 110 S.Ct. 2759, 2765–66, 111 L.Ed.2d 94 (1990), the MCI Tariff, and not the representations of MCI's salespeople, determines the terms of the contract between MCI and Capps. *See Marco Supply Company, Inc. v. AT & T Communications,* 875 F.2d 434, 435–36 (4th Cir.1989); *MCI Telecommunications Corporation v. TCI Mail, Inc.,* 772 F.Supp. 64, 66 (D.R.I. 1991). Therefore, Capps may not assert or present evidence on its alleged common law defenses of estoppel, waiver and avoidable loss. *See Maislin Industries U.S.,* 497 U.S. at 126–27, 110 S.Ct. at 2765–66 (citations omitted) (interpreting the Interstate Commerce Act to forbid equitable defenses to collection of the filed tariff).

■ 2. After the Court granted the Motion in Limine, Capps made an *ore tenus* Motion for the Court to Reconsider its Order of May 7, 1993 at Docket Entry 69 which granted summary judgment in favor of MCI on Capps' claims for fraudulent misrepresentation and the imposition of a constructive trust. Capps contends that the equities in this case support finding that MCI had a duty to disclose to Capps in April 1991 that it was going to withhold payments to CMI because (1) MCI was aware that Capps was at the end of the "payment line" and would not get paid if CMI was not paid, (2) after Capps inquired of MCI about establishing a "900" information business, MCI introduced Capps to CMI, (3) an MCI representative accompanied the CMI representative to the initial discussions between CMI and Capps and (4) MCI possessed all the records and bookkeeping related to the 900 number used in Capps' business and was in a far superior position than Capps to control and inform about the flow of monies to information providers such as Capps.

As the Court stated in the record, while the equities in this case may favor Capps, the

law does not. Therefore, the Court **DENIED** Capps' Motion to Reconsider the Summary Judgment Order.

3. The parties stipulated to $55,681 as the amount owed MCI in its Counterclaim against Capps. Because the amount owed is not in dispute and Capps may not raise the alleged defenses to MCI's Counterclaim, the Court found in favor of MCI and against Capps on the Counterclaim.

The Court directs the Clerk of Court to enter judgment in favor of MCI and against Capps in the amount of $55,681 on MCI's Counterclaim. The Court **WILL RESERVE** ruling on MCI's Counterclaim for attorney's fees and costs so that Capps may take an appeal. Upon the filing of an appropriate and timely motion for costs and attorney's fees, the Court will consider the issue of attorney's fees and costs within sixty (60) days from the date of this Order or, if an appeal is taken, after the appellate process is concluded.

**DONE AND ORDERED.**