**MCI TELECOMMUNICATIONS CORPORATION,**
Petitioner,

v.

**HAPPY THE GLASS MAN, INC.,** Respondent.

Civil Action No. 96–333.

United States District Court
E.D. Kentucky.

Jan. 23, 1997.

Bruce R. Smith, Judge B. Wilson, II, Wyatt, Tarrant & Combs, Lexington, KY, for Petitioner.

Steven F. Vicroy, Joseph B. Murphy, Murphy & Enlow, Lexington, KY, for Respondent.

## OPINION AND ORDER

FORESTER, District Judge.

This matter arises under the United States Arbitration Act and is before the Court on petitioner MCI's petition and motion for confirmation of arbitration award and entry of judgment. Respondent Happy the Glass Man, Inc. has filed an answer and response in opposition to confirmation of arbitration award and entry of judgment, to which MCI has filed a reply. Accordingly, this matter is ripe for review.

## I. BACKGROUND

In its petition and motion, petitioner asserts that MCI provided telecommunications service to Happy under the terms and conditions of its Tariff from October 29, 1993 until June 23, 1994. A payment dispute arose concerning Happy's refusal to pay certain invoices due for services rendered by MCI.

Pursuant to Section B–7. 13 of the Tariff, which provides for arbitration between MCI and its customers, MCI served its Notice of Claim for arbitration on June 1, 1995. In lieu of a response, respondent Happy, by counsel, sent a letter to MCI's counsel requesting that MCI furnish a copy of any document executed by Happy providing for arbitration in the event of a dispute. Respondent's counsel also indicated that Happy would not arbitrate anything.

The administrator of the arbitration, J.A.M.S./Endispute, in its Notice of Arbitration Hearing dated June 12, 1995, scheduled the arbitration hearing for August 1, 1995. Additionally, the notice expressly stated that the hearing might be canceled if an answer was not served by June 19, 1995.[1] When respondent Happy failed to serve an answer to the Notice of Claim by June 19, the arbitrator on July 25, 1995 rendered an award in writing in favor of MCI in the amount of $22,531.19.[2] Neither party moved the Court to vacate, modify or correct the award.

---

1. Section B–7.1327 of MCI's Tariff provides that "[w]ithin 17 days after the date of commencement of the arbitration, the Responding Party shall serve a written Answer on the Claiming Party and the Administrator. The Answer shall make any necessary corrections to the identification of the Responding Party in the Notice of Claim, shall identify the Responding Party's representative, and shall briefly state the Responding Party's defenses to the claim and the reasons therefor."

2. Section B–7.13271 provides that "[a]n award will be entered, without a hearing, against a Responding Party who fails to serve an Answer to a Notice of Claim within 17 days after the date of commencement of the arbitration, unless the arbitrator finds that the party's failure to respond was excusable."

When Happy failed to pay the award, on July 25, 1996 MCI brought the present petition to confirm and enforce the arbitration award in this Court. In addition, MCI seeks prejudgment and post-judgment interest on its award from the date of issuance, and reasonable attorneys' fees, all as specified in the Tariff.

## II. MCI's PETITION

In support of its petition and motion, MCI asserts that this Court has jurisdiction to decide this matter and award relief under the United States (Federal) Arbitration Act ("FAA"), 9 U.S.C. §§ 6, 9 (1970), pursuant to 28 U.S.C. §§ 1331 and 1337, in conjunction with the Communications Act of 1934, 47 U.S.C. § 151 *et seq.* MCI contends that venue is proper in this Court because the dispute arose in this district and this is the district where the arbitration hearing was scheduled to take place.

The FAA provides in part that

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, ... then at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Section 7.1385 of MCI's F.C.C. Tariff (Tariff Rule 36) provides that judgment on an arbitration award may be entered in federal court. Further, that section also provides that the FAA shall govern all proceedings to confirm an award.

Under the FAA, MCI contends that an award must be confirmed unless it is "vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. MCI further contends that any such motion "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 (1970). In this case, respondent Happy filed no such motion, and when such a

motion is not made within the statutory period, any later filing is barred, and no contentions that could have been raised in a timely motion to vacate may be raised in opposition to a motion to confirm the award. *See id.; Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1338–39 (9th Cir.1986).

MCI also argues that it is entitled to prejudgment interest on the award and reasonable costs incurred in connection with this confirmation proceeding under Section 7.1384 (Tariff Rule 35), which provides that when "a party fails to pay within the 30 days [of issuance of the award], or the time period ordered by the arbitrator, interest may accrue on the amount due at 12 percent per annum or 1 percent per month, beginning on the date of issuance." Further, Section 7.1385 (Tariff Rule 36) provides that the non-prevailing party "shall pay all reasonable costs, including attorneys' fees and expenses, incurred by the prevailing party in connection with the confirmation proceeding."

Accordingly, MCI requests that the Court (1) confirm the July 25, 1995 Arbitration Award in favor of MCI; (2) award MCI (a) prejudgment interest on the award, calculated at a rate of 12% per annum from July 25, 1995, and (b) costs and reasonable attorneys' fees incurred herein by MCI to be determined upon separate application; and (3) enter judgment, together with post-judgment interest at the rate of 12 % per annum until paid.

## III. HAPPY'S RESPONSE

Respondent Happy filed an answer and a memorandum in support of an order denying confirmation of the arbitration award in which it denied that it had ever entered into any written agreement with MCI for the use of long-distance telephone services or agreed to arbitrate disputes. Further, Happy asserts that MCI never provided it with a copy of MCI Tariff F.C.C. No.1, nor did MCI or its counsel respond to Happy's request, contained in its letter of June 5, 1995, requesting a copy of any document executed by Happy providing for arbitration. Further, Happy contends that the arbitrator, with full knowledge that Happy did not have copies of any

agreement or MCI's Tariff, nevertheless proceeded with the arbitration process and issued an award without providing Happy with a hearing or vital information necessary to its defense.

Moreover, while acknowledging that the June 12, 1995 Notice of Arbitration Hearing advised that the hearing might by canceled if an answer was not served by June 19, 1995, Happy nevertheless argues that it was not advised that an award by default might be entered. Therefore, Happy takes issue with the entry of an award before the time set for a hearing. Additionally, Happy contends that its letter to MCI's counsel dated June 5, 1995 requesting a copy of any agreements executed by Happy answered the Notice of Claim by implication that no agreement to arbitrate existed.

Accordingly, Happy argues in its memorandum that because it never signed a written agreement with MCI for its services or for arbitration, MCI cannot avail itself of the FAA. Additionally, Happy contends that the arbitrator and MCI violated Happy's due process rights by providing inadequate notice and ignoring the request contained in Happy's letter. Therefore, Happy contends that this Court should vacate the arbitration award pursuant to 9 U.S.C. § 10(a)(1), which provides that a court may vacate an award procured by corruption, fraud, or undue means. Further, Happy argues that the statute permits an award to be vacated where there is evident partiality or corruption on the part of the arbitrator and where the arbitrator is guilty of misbehavior that prejudices the rights of a party to the arbitration.

In its response to the motion for confirmation of arbitration award, Happy raises the following ten defenses:

(1) the petition and motion fail to state a claim upon which relief can be granted;

(2) service of process upon Happy is insufficient under Fed.R.Civ.P.

(3), (4) the arbitration award was obtained by fraud and/or mistake because Happy contends it never executed an agreement with MCI that subjected it to the provisions of the FAA, and MCI refused to provide Happy with a written agreement obligating Happy to arbitrate any disputes;

(5) the arbitration award was obtained by fraud, mistake, corruption or undue means because Happy never agreed to utilize the services of MCI, and MCI had no right to transfer Happy's long distance services to MCI;

(6) the Notice of Arbitration Hearing failed to provide Happy with adequate notice and an opportunity to be heard;

(7) there is no agreement between MCI and Happy for the provision of long distance services, or for the payment by Happy of any attorneys' fees incurred by MCI;

(8) the petition and motion for confirmation of arbitration award and entry of judgment fail to comply with 9 U.S.C. § 13(a) because MCI failed to file the written agreement wherein Happy agreed to arbitrate the dispute which was the subject of the arbitration proceeding;

(9) the arbitration award was obtained by fraud, mistake, corruption or undue means because the award was issued on July 25, 1995, seven days prior to the date scheduled in the Notice of Hearing for the arbitration hearing; and

(10) a properly filed petition and motion for confirmation of arbitration award and entry of judgment is now barred by the applicable statute of limitations.

## IV. MCI's REPLY

In reply, MCI points out that its claim has already been adjudicated, and the filing of its motion for confirmation does not begin a relitigation of the issues previously decided in arbitration. Instead, MCI contends that Happy could have challenged the award under the provisions of the FAA but failed to do so.

In response to Happy's first two defenses, MCI points out that its motion for confirmation is expressly contemplated by the FAA. Moreover, service of process has been made upon Happy's registered agent and also upon a managing officer or agent pursuant to Fed. R.Civ.P. 4. Therefore, both of these defenses are groundless.

In response to Happy's third, fourth and fifth defenses, MCI attaches two written con-

tracts, one dated November 28, 1993 and one dated March 23, 1994, executed by Happy through Gertrude Estes. These enrollment forms and agreements unequivocally demonstrate that Happy executed a written agreement for MCI's services which expressly provided that the enrollment was subject to the MCI Tariff F.C.C. No. 1, including the provision providing for arbitration. MCI points out that the Sixth Circuit in *MCI Telecommunications Corp. v. Graham*, 7 F.3d 477, 479 (6th Cir.1993) noted that "tariffs filed with the F.C.C. conclusively and exclusively control the rights and liabilities between a carrier and its customers." Further, MCI contends that the tariff controls the rights and liabilities of the customer and carrier as a matter of law, and customers are presumed to know its content. Therefore, by executing the agreements for MCI's services, Happy submitted itself to arbitration.

In response to Happy's sixth and ninth defenses, in which Happy complains of lack of notice and opportunity to be heard as well as that the arbitration award was improperly obtained by default, MCI points out that Happy was given notices under the terms of the tariff, and awards by default are authorized by arbitration rule and by the tariff. In sum, MCI argues that Happy simply ignored its written agreement for MCI's services and refused to arbitrate.

In response to Happy's seventh defense, in which Happy denies the existence of an agreement between Happy and MCI for the provision of services or for the payment of attorneys' fees, MCI directs the Court to the signed agreements previously mentioned. Further, MCI argues that Happy should have raised these defenses in the arbitration process.

In response to Happy's tenth defense that the petition and motion for confirmation of arbitration award are barred by the applicable statute of limitations, MCI contends that inasmuch as the award was issued on July 25, 1995 and this action commenced on July 25, 1996, Happy has failed to demonstrate how the statutory provision is applicable here.

In conclusion, MCI argues that the response and memorandum by Happy is an attempt to bootstrap an argument that should have been raised at the arbitration in which Happy declined to participate. Having chosen default, Happy had three months to move for the vacation or modification of the award. Once again, Happy declined to pursue its rights. Now that MCI has moved to enforce the award, even if Happy's defenses were meritorious, MCI submits that the time for raising them has long since passed. As summed up by MCI, "Respondent (i) expressly contracted for MCI's services, (ii) used those services for approximately eight (8) months, (iii) incurred some $22,531.19 in charges, (iv) failed to pay MCI, (v) ignored MCI's demand for arbitration, (vi) ignored the notices of the arbitrator, (vii) ignored its written contract and the applicable Tariff, (viii) ignored the Award, and (ix) now asks this Court to believe that the Award obtained herein was somehow obtained by fraud, mistake, corruption and undue influence. The Respondent's position is untenable and incredulous."

## V. ANALYSIS

As an initial matter, the "MCI Vision VIP Plus Enrollment Form and Agreement," dated November 15, 1993, was signed by Gertrude Estes, who is identified as Happy's company representative with the title of "Controller." Her signature on the form is dated October 28, 1993. On March 23, 1994, the "MCI Preferred VIP Plus Enrollment Form" was again signed on behalf of Happy by Gertrude Estes, who this time is identified as an office manager. Thus, it is clear that any claim by Happy that it did not enter into a contract with MCI for services is directly refuted by the record.

Furthermore, both agreements signed by Estes on behalf of Happy contain provisions which expressly incorporate by reference the terms and conditions of MCI Tariff F.C.C. No. 1, and both state that in the event of an inconsistency between the agreement and the Tariff, the Tariff shall be deemed controlling. As pointed out by MCI, the Sixth Circuit recognized in *MCI Telecommunications Corp. v. Graham, supra,* that "[t]ariffs filed with the F.C.C. conclusively and exclusively control the rights and liabilities between a carrier and its custom-

er." 7 F.3d at 479. Moreover, "federal tariffs are the law, not mere contracts." *Id.* (quoting *MCI Telecommunications Corp. v. Garden State Inv. Corp.,* 981 F.2d 385, 387 (8th Cir.1992)). Finally, to the extent Happy argues that it was unaware of the Tariff provisions because MCI never provided it with a copy of the Tariff, such an argument is unavailing because "customers are presumed to know what the applicable tariff is." *Marco Supply Co. v. AT & T Communications, Inc.,* 875 F.2d 434, 436 (4th Cir.1989).

In another case involving MCI similar to the present action, the customer, Pay Phone Concepts, sought a declaration that the billing dispute between the parties was not subject to arbitration. Despite the fact that MCI's tariff did not require arbitration at the time Pay Phone entered into its agreement with MCI, but was instead amended during the term of the agreement to require arbitration of disputes, the district court nevertheless found that Pay Phone was obligated to arbitrate the dispute. "It matters not whether the customer assents, for the filed tariff controls the obligations and rights between the carrier and customer. Since it presumes that customers know what the applicable tariff is, the filed rate doctrine prevents an aggrieved customer from enforcing contract rights that contravene governing tariff provisions, or from asserting estoppel against the carrier." *Pay Phone Concepts v. MCI Telecommunications,* 904 F.Supp. 1202, 1207 (D.Kan.1995) (citations omitted). Accordingly, the court found that the tariff

> exclusively controls the rights and liabilities between MCI and Pay Phone. By having enrolled to receive service pursuant to MCI's Tariff, Pay Phone is presumed to know the terms of the Tariff and that MCI may amend its Tariff from time to time. Accordingly, for purposes of this dispute and this court's limited jurisdiction, section B–7.13 of the Tariff requiring arbitration is binding upon Pay Phone regardless of whether it agreed to arbitration or not.

*Id.*

The same analysis is applicable in this case. Happy entered into agreements with MCI which specifically incorporated the provisions of MCI's Tariff. This Tariff exclusively controls the rights and liabilities between MCI and Happy, and Happy is presumed to know the terms of the Tariff. Section B–7.13 of the Tariff provides that disputes involving invoices of $10,000.00 and above may be resolved through binding arbitration, and this provision is binding on Happy whether it agreed to arbitration or not. Thus, MCI properly commenced arbitration proceedings to resolve the dispute.

When Happy refused to participate in the arbitration, the arbitrator rendered an award in favor of MCI. Under the FAA, MCI was authorized to apply to this Court for an order confirming the award, and pursuant to 9 U.S.C. § 9, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." However, 9 U.S.C. § 12 provides that a motion to vacate, modify or correct an award under 9 U.S.C. §§ 10 or 11 "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." "Failure to comply with this statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Corey v. New York Stock Exchange,* 691 F.2d 1205, 1212 (6th Cir.1982) (citations omitted). Thus, "[o]nce an arbitrator has rendered a decision the award is binding on the parties unless they challenge the underlying contract to arbitrate pursuant to section 2 or avail themselves of the review provisions of sections 10 and 11." *Id.* Otherwise, "[t]he three month notice requirement in section 12 for an appeal of the award on section 10 or 11 grounds is meaningless if a party to the arbitration proceedings may bring an independent direct action asserting such claims outside of the statutory time period provided for in section 12." *Id.* at 1213.

In this case, it is undisputed that Happy did not make a motion under section 10 or 11 within the three month period. Furthermore, to the extent Happy challenges the underlying contract to arbitrate under section 2, as previously discussed, it is clear that Happy entered into an agreement which provided for arbitration. Thus, Happy's arguments in opposition to the arbitrator's award are untimely under the FAA. In short, MCI properly arbitrated the dispute, and the arbitrator properly rendered an award in MCI's

favor when Happy declined to participate in the arbitration. Because Happy failed to make a timely motion under 9 U.S.C. §§ 10 or 11, under § 9 the Court must enter an order confirming MCI's award.

### VI. CONCLUSION

Accordingly, for the reasons expressed above, **IT IS HEREBY ORDERED** that MCI's petition and motion for confirmation of arbitration award and entry of judgment thereon [DE # 1] is **GRANTED,** and a judgment will be entered contemporaneously with this opinion and order in favor of MCI.

### JUDGMENT

In accordance with the opinion and order entered contemporaneously with this judgment, the Court hereby **ORDERS AND ADJUDGES**:

(1) MCI's petition and motion for confirmation of arbitration award and entry of judgment [DE # 1] is **GRANTED**;

(2) the July 25, 1995 award in favor of petitioner MCI Telecommunications Corporation against respondent Happy the Glass Man, Inc. in the amount of Twenty–Two Thousand Five Hundred Thirty–One Dollars and Nineteen Cents ($22,531.19) is **HEREBY CONFIRMED**;

(3) Happy the Glass Man, Inc. shall pay MCI:

    (a) the principal amount of $22,531.19 pursuant to the award;

    (b) prejudgment interest on the award, calculated at a rate of 12 % per annum from July 25, 1995 to the date of entry of this Judgment;

    (c) post-judgment interest on the award at the rate of 12% per annum until paid in full; and

    (d) MCI's costs and reasonable attorneys' fees herein expended.

(4) The Court shall retain jurisdiction to resolve the issue of costs and attorneys' fees. Within fifteen (15) days of entry of this judgment, MCI shall submit by affidavit an accounting of costs and reasonable attorneys' fees herein expended. Within ten (10) days of MCI submitting its accounting of fees and costs, Happy the Glass Man, Inc.

shall file any response. Thereafter, this Court will rule upon the amount of costs and attorneys' fee to be awarded.

(5) this judgment is final and appealable, and no just cause for delay exists.