Joshua S. STEIN, on behalf of himself
and all others similarly situated,
Plaintiff,

v.

SPRINT CORPORATION, Defendant.

No. 97–2650–JWL.

United States District Court,
D. Kansas.

July 24, 1998.

Order Granting Reconsideration,
Aug. 27, 1998.

Douglas J. Patterson, The Patterson Law
Group, P.C., Leawood, KS, Robert J Stein,
III, Clinton A. Krislov, Krislov & Associates,
Ltd., Chicago, IL, for Plaintiff.

Russell A. Berland, Fred L. Sgroi, Sprint Communications Company L.P., Law Department, Kansas City, MO, for Defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On September 9, 1996, plaintiff brought this class action against defendant in Illinois state court, on behalf of himself and other subscribers to certain long-distance telephone services offered by defendant. Plaintiff generally alleges that defendant did not adequately inform consumers about a surcharge added to calls under fixed-rate calling card plans. In his complaint, plaintiff alleges breach of contract, fraud, and violations of Illinois and Kansas consumer protection statutes. Plaintiff seeks damages, a declaratory judgment, and injunctive relief. On October 10, 1996, defendant removed the action to the federal district court for the Northern District of Illinois. That court transferred the action to this court on September 29, 1997.

The matter is presently before the court on defendant's motion to dismiss the action for failure to state a claim (Doc. 15). For the reasons set forth below, the motion is granted in part and denied in part. The court grants the motion with respect to plaintiff's fraud and breach of contract claims. The court also grants the motion with respect to plaintiff's statutory claims to the extent that plaintiff seeks damages for their violation or an injunction requiring that defendant charge a certain rate. The motion is denied with respect to plaintiff's claim under the Kansas statute for an injunction relating to defendant's advertising. The motion is also denied, at this time, with respect to plaintiff's claim for similar injunctive relief under the Illinois statute.

### I. Standard for Motion to Dismiss

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). The

pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### II. Filed–Rate Doctrine

■ Defendant argues that the filed-rate doctrine bars plaintiff's claims. Plaintiff has conceded in his response that the filed-rate doctrine does in fact preclude his claims for fraud and breach of contract, as well as all claims for damages or an injunction requiring that defendant charge a certain rate. Accordingly, defendant's motion is granted with respect to those claims, which are hereby dismissed. Plaintiff contends, however, that his claims under the Kansas and Illinois statutes for injunctive relief relating to defendant's advertising are not so barred. The court agrees with plaintiff's contention.

Under the Federal Communications Act (FCA), common carriers, such as defendant, must file tariffs showing all charges and related practices with the Federal Communications Commission (FCC). 47 U.S.C. § 203(a). The FCA further provides that a carrier may not charge customers except as specified in their tariffs. *Id.* § 203(c). "These provisions are modeled after similar provisions of the Interstate Commerce Act (ICA) and share its goal of preventing unreasonable and discriminatory charges." *American Tele. & Telegraph Co. v. Central Office Tele., Inc.,* —— U.S. ——, ——, 118 S.Ct. 1956, 1962, 141 L.Ed.2d 222 (1998). "Accordingly, the century-old 'filed-rate doctrine' associated with the ICA tariff provisions applies to the [FCA] as well." *Id.*

In *Central Office,* decided last month, the Supreme Court, quoting from *Louisville & N. R.R. Co. v. Maxwell,* 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853 (1915), set forth the "basic

contours of the filed-rate doctrine under the ICA":

> Under the Interstate Commerce Act, the rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the Commission to be unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed. This rule is undeniably strict and it obviously may work hardship in some cases, but it embodies the policy which has been adopted by Congress in the regulation of interstate commerce in order to prevent unjust discrimination.

*Central Office*, —— U.S. at ——–——, 118 S.Ct. at 1962–63 (quoting *Maxwell*, 237 U.S. at 97, 35 S.Ct. 494). The Supreme Court further elaborated on the doctrine as follows:

> Thus, even if a carrier intentionally misrepresents its rate and a customer relies on the misrepresentation, the carrier cannot be held to the promised rate if it conflicts with the published tariff.
>
> While the filed-rate doctrine may seem harsh in some circumstances, its strict application is necessary to prevent carriers from intentionally misquoting rates to shippers as a means of offering them rebates or discounts, the very evil the filing requirement seeks to prevent. Regardless of the carrier's motive—whether it seeks to benefit or harm a particular customer— the policy of nondiscriminatory rates is violated when similarly situated customers pay different rates for the same services. It is that anti-discriminatory policy which lies at the heart of the common-carrier section of the Communications Act.

*Id.* at ——, 118 S.Ct. at 1963 (citations omitted). The Supreme Court thus held that the plaintiff's breach of contract claim and derivative tortious interference claim were barred by the doctrine. *Id.* at ——–——, 118 S.Ct. at 1963–64.

■ Plaintiff here argues that, although his claims for damages may be precluded by the filed-rate doctrine, his claims for injunctive relief relating to defendant's advertising, pursuant to Kansas and Illinois consumer protection statutes, are not barred. Plaintiff asserts that an injunction prohibiting deceptive advertising would not implicate the rates charged or services provided under defendant's tariffs, and that the filed-rate doctrine is therefore not implicated. The court agrees.

Defendant's only argument on this point is that the Supreme Court's decision in *Central Office* is broad enough to encompass the claims for injunctive relief. This argument is not persuasive, however. The Supreme Court made clear in *Central Office* that the filed-rate doctrine is intended to further the goal of preventing unreasonable and discriminatory charges. *Central Office*, —— U.S. at ——–——, 118 S.Ct. at 1962–63; *see also Security Servs. v. K Mart Corp.*, 511 U.S. 431, 435, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994) ("The purpose of the filed rate doctrine is to ensure that rates are both reasonable and nondiscriminatory."). In *Central Office*, the Court considered the plaintiff's argument that the filed-rate doctrine did not apply because the cause of action did not involve rates or ratesetting; it concluded, however, that the claims sufficiently affected filed rates because they involved the services to which those rates were attached. *Central Office*, —— U.S. at ——, 118 S.Ct. at 1963. Nevertheless, the fact that the Court needed to address that argument suggests that only claims related to filed tariffs are implicated by the filed-rate doctrine. In fact, the Court concluded in *Central Office* that the plaintiff's claims were barred *because* it "ask[ed] for privileges not included in the tariff." *Id.* at ——, 118 S.Ct. at 1964. Because plaintiff's claims for injunctive relief here do not implicate defendant's filed tariffs but instead relate to defendant's advertising, they are not barred by the filed-rate doctrine as explained by the Supreme Court in *Central Office*. *See also Central Office*, —— U.S. at ——, 118 S.Ct. at 1966 (Rehnquist, C.J., concurring) (noting that the filed-rate doctrine bars "only those suits that seek to alter the terms and conditions provided for in the tariff").

The Second Circuit discussed this issue earlier this year, albeit without benefit of the Supreme Court's decision in *Central Office*.

*See Marcus v. AT & T Corp.,* 138 F.3d 46, 62–63 (2d Cir.1998). In determining whether the filed-rate doctrine barred the plaintiffs' claims for injunctive relief, the court in *Marcus* considered whether an injunction would have implicated the doctrine's purposes. *Id.* at 62. The Second Circuit concluded that the requested injunction, which would have required only that the carrier publicly disclose its practice of rounding charges up to the next minute, would not have affected the filed rate and the required payment thereof; thus, the claim for injunctive relief would not have interfered with the nondiscrimination policy underlying the filed-rate doctrine. *Id.* The court further concluded that the injunction would not have "enmesh[ed] the court in the rate-making process nor undermine[d] the regulatory authority of the FCC" because the question of the practice's reasonableness would have remained for the regulatory agency; thus, the injunction would not have implicated another motivation behind the filed-rate doctrine, i.e., to leave rate-making to the agency. *Id.* The court then concluded: "Thus, it appears that, if the appellants can establish the substance of their . . . claims, the filed rate doctrine would not bar them." *Id.* at 62–63. The court decided that it did not need to resolve that question formally, however, because it found that the plaintiffs could not establish all of the elements of the underlying causes of action. *Id.* at 63.

The court agrees with the Second Circuit that an injunction related to a carrier's advertising or public disclosures would not implicate the carrier's filed tariff or involve rates and therefore would not undermine the filed-rate doctrine and its purposes. As in *Marcus,* the court believes that plaintiff's claims for injunctive relief are not necessarily precluded by the filed-rate doctrine, but rather should be analyzed on their merits.

### III. Preemption

With respect to federal preemption, the Supreme Court has stated as follows:

> In the absence of explicit regulatory language signaling an intent to pre-empt, we infer such intent where Congress has legislated comprehensively to occupy an entire field of regulation, leaving no room for the States to supplement federal law, or where the state law at issue conflicts with federal law, either because it is impossible to comply with both or because the state law stands as an obstacle to the accomplishment and execution of congressional objectives.

*Northwest Cent. Pipeline v. State Corp. Comm'n of Kan.,* 489 U.S. 493, 509, 109 S.Ct. 1262, 103 L.Ed.2d 509 (1989) (citations omitted), *quoted in Panhandle E. Pipeline Co. v. State of Okla.,* 83 F.3d 1219, 1225 (10th Cir. 1996). Defendant argues in its initial brief that plaintiff's state law claims are preempted because Congress occupied the field in enacting the FCA's regulatory scheme.

The court is not persuaded by this argument as applied to plaintiff's claims for injunctive relief under the state statutes. Defendant has not suggested any reason why the FCA would preempt a state cause of action related solely to a carrier's advertising. Again, the court agrees with the reasoning of the Second Circuit in *Marcus,* in which the court concluded that the FCA does not completely preempt state law claims in the area of telecommunications. *Marcus,* 138 F.3d at 54. The court concluded that the FCA does not "manifest a clear Congressional intent to preempt state law actions prohibiting deceptive business practices [or] false advertisement." *Id.* The court noted that, in fact, Congress, by enacting the FCA's saving clause, intended to allow such claims to proceed under state law. *Id.*

The Supreme Court touched on the saving clause, 47 U.S.C. § 414, in *Central Office.* The Court stated that the clause "preserves only those rights that are not inconsistent with the statutory filed-tariff requirements." —— U.S. at ——, 118 S.Ct. at 1965. Defendant states in its reply brief that plaintiff's claims for injunctive relief are inconsistent with its filed tariff, but it does not suggest how they are inconsistent. The court concludes that the claims for injunctive relief relating solely to defendant's advertising are not inconsistent with defendant's tariff or the FCA. Accordingly, the court concludes that such claims are not preempted.

## IV. Kansas Statutory Claim

■ Plaintiff has brought a claim for injunctive relief under the Kansas Consumer Protection Act (KCPA), K.S.A. § 50–623 to – 644, which prohibits deceptive acts or practices in connection with a consumer transaction. K.S.A. § 50–626(a). In arguing that this claim should be dismissed, defendant relies on the part of the filed-rate doctrine by which consumers are presumed to know the contents of a carrier's filed tariff. *See Central Office,* —— U.S. at ——, 118 S.Ct. at 1962 (quoting *Maxwell,* 237 U.S. at 97, 35 S.Ct. 494) (under the filed-rate doctrine, consumers are charged with notice of the filed tariff); *Fax Telecommunicaciones Inc. v. AT & T,* 138 F.3d 479, 489 (2d Cir.1998) (customers are "conclusively presumed" to have knowledge of the filed tariff); *Marco Supply Co. v. AT & T Communications, Inc.,* 875 F.2d 434, 436 (4th Cir.1989); *Paulson v. Greyhound Lines, Inc.,* 804 F.2d 506, 507 (8th Cir.1986); *Aero Trucking, Inc. v. Regal Tube Co.,* 594 F.2d 619, 623 (7th Cir.1979).

The court agrees with defendant that, under this presumption of knowledge, plaintiff cannot have reasonably relied on any representation or omission by defendant concerning its charges, and any cause of action requiring such reliance must therefore be dismissed. *See Fax Telecommunicaciones,* 138 F.3d at 490 (fraud claims failed for lack of reasonable reliance); *Marcus,* 138 F.3d at 63–64 (fraud and statutory claims failed because they required a showing of reasonable reliance); *Aero Trucking,* 594 F.2d at 619 (no suit may be predicated on reliance).[1]

The court also agrees with defendant that, under the filed-rate doctrine, which requires that the filed rate be charged, plaintiff cannot have suffered any injury from the alleged deceptive practices. *See Keogh v. Chicago & N.W. Ry. Co.,* 260 U.S. 156, 163, 43 S.Ct. 47, 67 L.Ed. 183 (1922) (injury required for antitrust claim was not shown; injury implied a violation of a legal right, and the legal right

against the carrier must measured by the tariff); *Marcus,* 138 F.3d at 64 (negligent misrepresentation claim and statutory claim could not be sustained because the plaintiff had not suffered any injury); *Taffet v. Southern Co.,* 967 F.2d 1483, 1488, 1494 (11th Cir.1992) (plaintiff did not state a RICO claim because, under the filed-rate doctrine, plaintiff had no legal right to pay any other rate than that in the tariff and therefore had not suffered a legally cognizable injury).

Plaintiff has argued in his response that his claim under the KCPA does not require a showing of reliance or injury. Plaintiff cites to the provision in the act that deceptive acts and practices are violations "whether or not any consumer has in fact been misled." K.S.A. § 50–626. Defendant argues in his reply, however, that injury and reliance must be shown here under the section in the KCPA providing a private right of action, which requires that the consumer have been "aggrieved" by the violation of the act. *See Finstad v. Washburn Univ. of Topeka,* 252 Kan. 465, 845 P.2d 685 (1993) (plaintiffs were not "aggrieved" as required where they did not rely on the misrepresentation or suffer injury).

Defendant relies on the following provision of the KCPA:

(a) Whether a consumer seeks or is entitled to damages or otherwise has an adequate remedy at law or in equity, a consumer aggrieved by an alleged violation of this act may bring an action to [obtain a declaratory judgment or restraining order].

K.S.A. § 50–634(a). The KCPA also provides:

(b) A consumer who is aggrieved by a violation of this act may recover, but not in a class action, damages or a civil penalty . . ., whichever is greater.

K.S.A. § 50–634(b). The court notes, however, that there is no "aggrieved" requirement in the following provision authorizing a class action for injunctive relief:

---

1. Contrary to plaintiff's argument, the fact that the filed-rate doctrine does not necessarily bar the injunctive claims does not preclude the court from applying the presumption of knowledge of the tariff that arises from the doctrine in considering whether all of the elements of a claim may be established. Claims that do not require a showing of reliance would not be affected by the filed-rate doctrine.

(c) Whether a consumer seeks or is entitled to recover damages or has an adequate remedy at law, a consumer may bring a class action for declaratory judgment, an injunction and appropriate ancillary relief, except damages, against an act or practice that violates this act.

K.S.A. § 50–634(c). The fact that the following section, K.S.A. § 50–634(d), requires that the plaintiff have suffered "loss" before bringing a class action for damages from certain violations further suggests that a consumer need not have been aggrieved or suffered loss in order to bring a class action for injunctive relief under § 50–634(c), as plaintiff has done here. Accordingly, the court denies defendant's motion to dismiss plaintiff's KCPA claim on this basis.

### V. Illinois Statutory Claims

Plaintiff has also brought claims for injunctive relief under provisions of the Illinois Consumer Fraud and Deceptive Practices Act. Defendant argues that these claims should be dismissed because neither plaintiff nor defendant has any connection to Illinois.[2]

■ Although the court is skeptical about the applicability of the Illinois statute here, this issue is not ripe for the court's review, having been raised for the first time in defendant's reply brief.[3] Plaintiff is invited to file a supplemental response addressing this issue by August 7, 1998. If plaintiff fails to file a supplemental response, the court will grant defendant's motion to dismiss the Illinois statutory claims on this basis as unopposed. *See* D. Kan. Rule 7.4. Defendant may file a supplemental reply brief by August 21, 1998.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (Doc. 15) is granted in part and denied in part. The motion is granted with respect to plaintiff's fraud and breach of contract claims, and those claims are hereby dismissed. The motion is also granted with respect to plaintiff's statutory claims to the extent that plaintiff seeks damages for their violation or an injunction requiring that defendant charge a certain rate, and such claims are hereby dismissed. The motion is denied with respect to plaintiff's claim under the Kansas statute for an injunction relating to defendant's advertising. The motion is also denied, at this time, with respect to plaintiff's claim for a similar injunction under the Illinois statute.

**IT IS FURTHER ORDERED THAT** plaintiff shall have until August 7, 1998, to file a supplemental response addressing the arguments concerning the Illinois statute that defendant raised in its reply brief. Defendant shall then have until August 21, 1998, to file a supplemental reply.

**IT IS SO ORDERED.**

### ON RECONSIDERATION

On May 12, 1998, defendant moved to dismiss this action for failure to state a claim (Doc. 15). On July 24, 1998, the court issued an order granting the motion in part and denying it in part (Doc. 24). The court granted the motion with respect to plaintiff's common-law claims, his claims for damages, and any claim for an injunction requiring that defendant charge a certain rate; those claims were dismissed. The court denied the motion with respect to plaintiff's claim under the Kansas Consumer Protection Act (KCPA) for an injunction relating to defendant's advertising. The court also denied the motion at that time with respect to plaintiff's claim for an injunction relating to advertising under the Illinois Consumer Fraud and Deceptive Practices Act, but ordered supplemental briefing on the issue of that statute's

---

**2.** Defendant also argues that the claims are precluded by exemptions in the Illinois statute for actions authorized by regulatory agencies; however, the court does not see how deceptive trade practices and false advertising, as alleged by plaintiff, could have been authorized by the FCC.

**3.** Plaintiff cites *Kellerman v. MCI Telecommunications Corp.*, 112 Ill.2d 428, 98 Ill.Dec. 24, 493 N.E.2d 1045 (1986), in arguing that the Illinois Supreme Court has already held that claims under this statute are permitted under the filed-rate doctrine. In that case, however, the court did not hold that the filed-rate doctrine does not affect claims for injunctive relief under the statute; the court did not address that doctrine, but merely held that the FCA did not preempt claims under the statute. Plaintiff must still establish the applicability of the statute and all elements required for his claim thereunder.

applicability. When plaintiff failed to submit a brief, the Illinois claim was dismissed.

Defendant has now moved for reconsideration of the court's refusal to dismiss the Kansas statutory claim (Doc. 27). The court grants the motion, and that claim is hereby dismissed.

In its original motion to dismiss, defendant noted that, under the filed rate doctrine, plaintiff cannot have relied on any allegedly false advertising by defendant concerning its long-distance rates. In his response, plaintiff argued that the Kansas statutory claim did not require a showing of reliance because an act may be deceptive under the KCPA "whether or not any consumer has in fact been misled." See K.S.A. § 50–626(b). In its reply, defendant argued for the first time that plaintiff could not maintain a private action under the KCPA because, by virtue of the filed rate doctrine, plaintiff cannot have relied on any false statements and has not suffered any injury; therefore, defendant argued, plaintiff was not an "aggrieved" consumer, as required for a private action for injunctive relief under K.S.A. § 50–534(a). The court rejected this argument, noting that K.S.A. § 50–634(c), which governs class actions, does not contain an express requirement that the plaintiff be "aggrieved" by a violation of the statute.

In moving for reconsideration, defendant now argues that, in fact, a consumer must be "aggrieved" to bring a class action under section 50–634(c). Defendant contends that the statute is ambiguous in that regard and that the court's interpretation should therefore be guided by the comment following section 50–634. That comment states that "[u]nder subsection (c), an aggrieved consumer may bring a private class action for declaratory and injunctive relief." K.S.A.

§ 50–634, 1973 cmt. Defendant further argues that an interpretation permitting a class action without an actual injury would not comport with the constitutional requirement of standing.

■ Although the court is not necessarily persuaded that section 50–634 is ambiguous on its face concerning whether a private plaintiff must be "aggrieved" to bring a class action for injunctive relief under the KCPA, it does agree that a contrary interpretation would violate the standing requirement.[1] Under that requirement, the named plaintiff in a class action must allege and show that he has been personally injured. Lewis v. Casey, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); see also Raines v. Byrd, 521 U.S. 811, ——, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 849 (1997) (standing requires a legally and judicially cognizable injury). In light of the evidence in the statute's comment that the legislature intended that a class plaintiff be "aggrieved", the court concludes that section 50–634 should be interpreted to preserve the statute's constitutionality and require that a private plaintiff have suffered an injury.

As explained in the court's prior order, under the filed rate doctrine, plaintiff cannot have suffered injury in this case. Therefore, plaintiff may not maintain a cause of action under the KCPA.[2] Accordingly, the court grants defendant's motion for reconsideration, and plaintiff's claim under the KCPA is hereby dismissed.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for reconsideration of the court's July 24 order as it related to plaintiff's claim under the

---

1. In his response to the motion for reconsideration, plaintiff did not address defendant's argument concerning standing.

2. See also Morales v. Attorneys' Title Ins. Fund, Inc., 983 F.Supp. 1418, 1429 (S.D.Fla.1997) (plaintiff did not have standing because, under the filed rate doctrine, he had to pay the filed rate and therefore did not suffer injury).

3. In addition, because plaintiff's response was untimely, the court could grant defendant's motion as unopposed. On August 11, 1998, the court ordered that plaintiff respond to defendant's motion for reconsideration by August 21, 1998. The court further ordered plaintiff to hand-deliver or fax a copy of the response to opposing counsel and the court's chambers at the time of filing. Plaintiff did not file his response until August 23, 1998, and did not provide simultaneous copies to the court and counsel as ordered. Plaintiff did not seek an extension and has offered no excuse for his failure to comply with the court's orders.

Kansas Consumer Protection Act (Doc. 27) is granted, and that claim is hereby dismissed.

**IT IS SO ORDERED.**