ADVANTAGE ASSETS, INC. II ASSIGNEE OF MBNA AMERICA BANK, PLAINTIFF v.
TOMMY A. HOWELL, DEFENDANT

No. COA07-878

(Filed 6 May 2008)

**1. Arbitration and Mediation— FAA—applicable**

The Federal Arbitration Act applied to an arbitration agreement for a credit card account where that agreement was pursuant to a transaction involving interstate commerce and specified that it should be governed by the FAA. Plaintiff asked for relief under North Carolina's revised Uniform Arbitration Act, but does not explain why the RUAA applies. This agreement appears to have been last revised before the effective date of the RUAA.

**2. Arbitration and Mediation— award affirmed—not properly challenged**

A superior court order affirming an arbitration award was affirmed where defendant received notice of the hearing and the subsequent award and chose not to challenge the existence of an arbitration agreement. His response to plaintiff's motion to confirm was not the appropriate response given the procedural posture of the case.

Appeal by defendant from order entered 30 April 2007 by Judge John L. Holshouser, Jr., in Anson County Superior Court. Heard in the Court of Appeals 16 January 2008.

*Smith Debnam Narron Wyche Saintsing & Myers L.L.P., by Christina McAlpin and Caren D. Enloe, for plaintiff.*

*Law Office of Henry T. Drake, by Henry T. Drake, for defendant.*

ELMORE, Judge.

This appeal arises out of a challenge by Tommy A. Howell (defendant) to an order confirming an arbitration award rendered in favor of Advantage Assets, Inc. II (plaintiff), an assignee of MBNA America Bank. The superior court ruled that the arbitration award, rendered through the services of the National Arbitration Forum, was properly entered and should be confirmed and enforced. The superior court further found that defendant had "failed to comply with the Award of the Arbitrator" and "failed to timely make application to modify, correct, or vacate the" award. The superior court confirmed the arbitrator's award of $40,969.26 plus interest. Defendant now appeals. He argues that the superior court erred by entering a judgment when there were issues of fact in controversy, and by failing to make sufficient findings of fact. Defendant also asserts that the court erred by failing to dismiss plaintiff's action. For the reasons stated below, we affirm the superior court's order.

Defendant established a revolving credit account with plaintiff in 1992 and subsequently defaulted on the terms of payment. Plaintiff filed an arbitration demand with the National Arbitration Forum pursuant to the binding arbitration clause set forth in the credit card agreement. The credit card agreement containing the arbitration clause was last revised in April of 2001 and is not signed. The arbitrator found that the parties had agreed to a binding arbitration agreement, reviewed the evidence, and awarded plaintiff $40,969.26 plus interest. This arbitration award was entered on 4 January 2006. Defendant received notice of the arbitration award by mail.

Plaintiff filed a motion to confirm the arbitration award in Anson County Superior Court on 2 June 2006. Defendant was served notice of the motion to confirm on 16 June 2006. Defendant filed a response to the motion to confirm on 7 July 2006, in which he denied the existence of any agreement to arbitrate and alleged that there was no evidence of debt presented. Plaintiff countered this allegation by pre-

**ADVANTAGE ASSETS, INC. II v. HOWELL**

[190 N.C. App. 443 (2008)]

senting an affidavit by a collection specialist. The affidavit stated, in relevant part:

5. Defendant obtained a revolving credit account pursuant to an extension of credit by MBNA America Bank, N.A. on the 26 day of Aug., 1992, made purchases on that account, and subsequently defaulted on the terms for repayment of that account.

6. Plaintiff and Defendant agreed to arbitrate any claims arising out of that revolving credit account.

The superior court heard plaintiff's motion to confirm arbitration on 16 April 2007. Defendant filed an affidavit with the court stating, in relevant part, that he "need not file any Motion to Vacate any award, because [he] never entered into any agreement to arbitrate, or any contract with the Plaintiff." The superior court filed the order confirming the arbitration award on 30 April 2007.

[1] Defendant first argues that the superior court improperly "substituted it's [sic] own Judgment for that of a Jury" by affirming the arbitration award. Defendant contends that he was entitled to a jury trial to determine "whether or not, under State Law, a valid contract exists" because he had denied the existence of a contract. We disagree.

"Since this appeal arises from a decision on a motion to confirm an arbitration award, we first note 'that a strong policy supports upholding arbitration awards.'" *WMS, Inc. v. Weaver*, 166 N.C. App. 352, 357, 602 S.E.2d 706, 709 (2004) (quoting *Cyclone Roofing Co. v. David M. LaFave Co.*, 312 N.C. 224, 234, 321 S.E.2d 872, 879 (1984)). The threshold determination here is whether the alleged arbitration agreement is governed by the FAA or state law. "This question cannot be bypassed as the FAA preempts conflicting state law, including state law addressing the role of courts in reviewing arbitration awards." *Weaver*, 166 N.C. App. at 357-58, 602 S.E.2d at 710 (citation omitted). "The FAA governs any 'contract evidencing a transaction involving commerce.' . . . [T]he FAA's term 'involving commerce' is considered the functional equivalent of 'affecting commerce.' It is broader than the term 'in commerce' and 'signals an intent to exercise Congress' commerce power to the full.'" *Id.* at 358, 602 S.E.2d at 710 (citations omitted). Here, the arbitration agreement specifies that it "is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act." Plaintiff proceeded under the FAA and defendant never challenged the FAA's

application to his case. In his brief, defendant asks for relief under North Carolina's Revised Uniform Arbitration Act (RUAA), but does not explain why the RUAA applies to his case. We note that the RUAA only "governs an agreement to arbitrate made on or after January 1, 2004." N.C. Gen. Stat. 1-569.3 (2007). The arbitration agreement in question appears to have been last revised in April of 2001, and therefore the RUAA could not apply to the agreement, even if defendant had offered support for its application. Therefore, because the agreement was "made pursuant to a transaction involving interstate commerce," and in the absence of any evidence or explanation to the contrary, we apply the FAA to the arbitration agreement at issue.

[2] The FAA allows a party to challenge the existence of a valid arbitration agreement. If a party refuses to arbitrate under an arbitration agreement, the other party may petition a federal district court to issue an "order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4 (2007). Furthermore,

> [f]ive days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. *If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. . . . Where such an issue is raised, the party alleged to be in default may . . . demand a jury trial of such issue,* and upon such demand the court shall make an order referring the issue or issues to a jury . . . or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed.

*Id.* (emphasis added). The record before us does not include documentation of the steps that plaintiff took before it filed its motion to confirm, but it appears that plaintiff provided notice to defendant that it would proceed to arbitration, that defendant did not respond to that notice, and that the arbitration hearing occurred without defendant's participation. Defendant did not avail himself of the proper procedural mechanism to challenge the existence of an arbitration agreement provided by 9 U.S.C. § 4.

A trial court's role when hearing a motion to confirm is limited:

[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. . . . Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9 (2007) (emphasis added). A party may move to vacate, modify, or correct the award under 9 U.S.C. §§ 10 or 11, but the grounds for such motions are very limited. *See* 9 U.S.C. § 10 (2007) (limiting orders to vacate to cases in which the arbitrator engaged in corruption, fraud, or other misconduct); 9 U.S.C. § 11 (2007) (limiting orders to modify or correct to cases in which there was "an evident material mistake in the description of any person, thing, or property referred to in the award" or the "material miscalculation of figures"; "the arbitrators have awarded upon a matter not submitted to them"; or "the award is imperfect in matter of form *not affecting the merits of the controversy*") (emphasis added).

Plaintiff offers no legal authority to support a reversal of the superior court's order confirming the arbitration award. He does not question the FAA's applicability. It appears that plaintiff received notice of the arbitration hearing and the subsequent award, and chose not to challenge the existence of an arbitration agreement. His response to plaintiff's motion to confirm—that there was no arbitration agreement—was simply not an appropriate response given the procedural posture of the case. The question of the arbitration agreement's existence was not properly before the superior court, and the superior court did not have the power to dismiss plaintiff's motion as plaintiff argues. It also had no jurisdiction to dismiss plaintiff's motion, as defendant argues. Under 9 U.S.C. § 9, the superior court's only option was to grant plaintiff's motion. Accordingly, we affirm the order of the superior court.

Affirmed.

Judges McCULLOUGH and ARROWOOD concur.