PORTFOLIO RECOVERY ASSOCIATES, LLC, PLAINTIFF v. RICHARD E. FREEMAN, DEFENDANT RICHARD FREEMAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, COUNTERCLAIMANT v. PORTFOLIO RECOVERY ASSOCIATES, LLC, DEFENDANT TO COUNTERCLAIM

No. COA11-220

(Filed 18 October 2011)

**1. Appeal and Error—preservation of issues—arbitration agreement not timely contested**

Although defendant contended on appeal that he never agreed to arbitrate before an organization that had a secret conflict of interest, defendant did not contest the existence of the arbitration agreement prior to the arbitration or challenge the award in a timely fashion. The issue of the existence of an arbitration agreement was not properly before the Court of Appeals.

**2. Arbitration and Mediation—confirmation of award—no motion to vacate**

The trial court was required to confirm an arbitration award where defendant did not file a motion to vacate. There was no merit to defendant's argument that the statute of limitations was equitably tolled.

**3. Appeal and Error—preservation of issues—arbitration counterclaims**

Defendant's state law counterclaims to a motion to confirm an arbitration award were not properly before the Court of Appeals. The only counterclaims that are proper responses to motions to confirm an arbitration award are those provided in 9 U.S.C. §§ 10 and 11.

PORTFOLIO RECOVERY ASSOCS., LLC v. FREEMAN

[216 N.C. App. 397 (2011)]

Appeal by defendant from order entered 4 November 2010 by Judge Allen Baddour in Wake County Superior Court. Heard in the Court of Appeals 31 August 2011.

*Robins, Kaplan, Miller & Ciresi L.L.P., by Christopher W. Madel, Jennifer M. Robbins, and Nicole S. Frank, and Morris, Manning & Martin, LLP, by Caren D. Enloe, for plaintiff-appellee.*

*Hartzell & Whiteman, L.L.P., by J. Jerome Hartzell, North Carolina Justice Center, by Carlene McNulty and Daniel Rearick, and Martin, Attorney at Law, PLLC, by Angela O. Martin, for defendant-appellant.*

STEELMAN, Judge.

Where defendant failed to contest the existence of the arbitration agreement prior to the arbitration hearing and within the time period allowed by federal law after the award, this issue is not properly before this Court. Where defendant failed to file a motion to vacate the arbitration award, the trial court correctly confirmed the award. Where defendant's state law counterclaims did not.fall within those permitted under 9 U.C.S. §§ 10 and 11, they were properly dismissed by the trial court.

## I. Factual and Procedural History

Richard E. Freeman (defendant) was the holder of a credit card. The terms of the credit card agreement provided that any claims or disputes would be resolved by binding arbitration conducted by the National Arbitration Forum (NAF). Portfolio Recovery Associates, LLC (plaintiff) filed a claim against defendant with NAF. This claim along with a notice of arbitration was served upon defendant. Subsequently, NAF sent defendant a second notice of arbitration, and an arbitration hearing notice.

On 11 July 2008, NAF entered an award in favor of plaintiff and against defendant. The award was for $2,386.35 owed to plaintiff on a credit card debt. NAF served defendant with a copy of the arbitration award. Plaintiff filed this action to confirm the award on 19 January 2010.

On 14 July 2009, the Minnesota Attorney General brought a civil action against NAF and two affiliates, *State ex rel Swanson v. National Arbitration Forum,* Hennepin County, file no. 27-CV-09-18550 (*Swanson* complaint). The *Swanson* complaint "describe[d] the

acquisition of a 40% ownership interest in NAF by a hedge fund with substantial investment and management relationships with the debt collection industry for $42 million. This acquisition of an ownership interest in NAF occurred on June 27, 2007, pursuant to a letter of intent executed January 15, 2007." This ownership interest contrasted sharply with NAF's claims of independence, neutrality, and lack of affiliation with any business that uses its services. On 17 July 2009, "NAF entered into a Consent Judgment with the Minnesota Attorney General whereby it agreed that it would not 'administer or process any new Consumer Arbitration.' "

On 26 March 2010, defendant filed answer to plaintiff's motion to confirm the arbitration award, and asserted class-action counterclaims. The class was alleged to consist of North Carolina residents against whom arbitration awards were entered by NAF in favor of plaintiff at any time after 15 January 2007. At no time in his answer and counterclaims did defendant assert that he did not owe the debt that was the subject of the arbitration award. On 26 April 2010, plaintiff filed a motion to dismiss defendant's counterclaims, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

On 4 November 2010, the trial court entered an order confirming the arbitration award, and granting plaintiff's motion to dismiss defendant's counterclaims. The trial court found that defendant's "First, Second, and Third Claims for Relief fail to state a claim upon which relief may be granted because they are time-barred pursuant to 9 U.S.C. § 12, they are insufficient to support vacatur under 9 U.S.C. § 10, and because [defendant] cannot assert non-statutory reasons for vacatur of the arbitration award under the [Federal Arbitration Act (FAA)]."

Defendant appeals.

## II.  Timeliness

In his first argument, defendant contends that the trial court erred in dismissing his challenges as untimely because there was no agreement to arbitrate, and that equitable tolling should have been applied to allow him to bring his claims outside of the three month period for challenging an arbitration award. We disagree.

Section 12 of Title 9 of the United States Code, the FAA, states in part: "[n]otice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

## A. No Agreement to Arbitrate

**[1]** There is no factual issue that defendant failed to challenge the arbitration award entered by NAF in favor of plaintiff within the three month time period prescribed by 9 U.S.C. § 12. Defendant contends that he never agreed to arbitrate before an organization that had a secret conflict of interest; and therefore, no agreement to arbitrate existed.

This Court addressed a similar situation in *Advantage Assests, Inc. II v. Howell*, 190 N.C. App. 443, 663 S.E.2d 8 (2008). In *Howell* an arbitration award was entered against the defendant on 4 January 2006. Plaintiff filed a motion to confirm on 2 June 2006. Defendant responded to this motion on 7 July 2006 contending that "he need not file any Motion to Vacate any award, because he never entered into any agreement to arbitrate, or any contract with the Plaintiff." *Id.* at 445, 663 S.E.2d at 9 (internal quotation marks and alterations omitted). This Court in *Howell* held that:

> The FAA allows a party to challenge the existence of a valid arbitration agreement. If a party refuses to arbitrate under an arbitration agreement, the other party may petition a federal district court to issue an 'order directing that such arbitration proceed in the manner provided for in such agreement.' 9 U.S.C. § 4 (2007).

*Id.* at 446, 663 S.E.2d at 10.

This court went on to hold in *Howell* that:

> [I]t appears that plaintiff provided notice to defendant that it would proceed to arbitration, that defendant did not respond to that notice, and that the arbitration hearing occurred without defendant's participation. Defendant did not avail himself of the proper procedural mechanism to challenge the existence of an arbitration agreement provided by 9 U.S.C. § 4.
>
> . . . .
>
> [Defendant] offers no legal authority to support a reversal of the superior court's order confirming the arbitration award. He does not question the FAA's applicability. It appears that [defendant] received notice of the arbitration hearing and the subsequent award, and chose not to challenge the existence of an arbitration agreement. His response to plaintiff's motion to confirm—that there was no arbitration agreement—was simply not an appropriate response given the procedural posture of the case. The question of the arbitration agreement's exis-

tence was not properly before the superior court, and the superior court did not have the power to dismiss plaintiff's motion [to confirm the arbitration award].

*Id.* at 446-47, 663 S.E.2d 10-11.

*Howell* is controlling authority in the instant case. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Defendant did not contest the existence of the arbitration agreement prior to the arbitration or challenge the award in a timely fashion. The issue of the existence of an arbitration agreement is not properly before this Court.

### B. Equitable Tolling

**[2]** Defendant further contends that his claims are not barred because equitable tolling applies to the three month limitations period set forth in 9 U.S.C. § 12. He asserts that at the time the arbitration award was entered in 2008, he could not have known of NAF's conflicts of interest that were revealed by the litigation conducted by the Attorney General of Minnesota.

[O]nce the three-month period [provided for in 9 U.S.C. § 12] has expired, an attempt to vacate an arbitration award [can]not be made even in opposition to a later motion to confirm. *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174-75 (2d Cir.1984). A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. Under the Act, vacation of an award is obtainable by serving a motion to vacate within three months of the rendering of the award. 9 U.S.C. § 12.

*Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). A thorough examination of the record reveals that defendant has yet to file a motion to vacate the arbitration award. In his answer, defendant admitted that "[s]aid award is final, and has not been appealed, modified, set aside, vacated or otherwise challenged." Rather, defendant filed an answer and counterclaims to plaintiff's motion to confirm the arbitration award. Plaintiff's motion to confirm cannot be denied because the award has not "been corrected, vacated, or modified." *Id.* Because defendant failed to file a motion to vacate, the trial court was required to confirm the arbitration award.

"The existence of any [due diligence or tolling] exceptions to [9 U.S.C.] § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions

because there was no common-law analogue to enforcement of an arbitration award." *Id.* (citations omitted).

This argument is without merit.

### III. State Law Claims

**[3]** The remainder of defendant's arguments are either determined by his failure to file a motion to modify or vacate the arbitration award under 9 U.S.C. §§ 10 and 11 as discussed above, or relate to defendant's state law counterclaims.

In *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 931 (11th Cir. 1990), the United States Court of Appeals for the 11th Circuit "conclude[d] that it would be inconsistent with the language and purpose of the [Arbitration] Act to allow counterclaims [to a motion to confirm an arbitration award], other than counterclaims that fall within the specific defenses permitted under §§ 10 and 11 of the [Arbitration] Act." In reaching this holding the Court in *Booth* held:

> a confirmation of an arbitration award is intended to be summary in nature. Our circuit has noted that "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *O.R. Securities v. Professional Planning Associates*, 857 F.2d 742, 745-46 (11th Cir.1988) (quoting *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1179 (11th Cir.1981)). *See also Diapulse Corp. of America v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir.1980) (citing *Wilko v. Swan*, 346 U.S. 427, 431-32, 98 L.Ed. 168, 174 (1953)).
>
> To effectuate its purpose of speedy resolution of disputes, the Federal Arbitration Act allows arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues. *O.R. Securities*, 857 F.2d at 747-48. After arbitration is complete, judicial review of the arbitration process and of the amount of the award is narrowly limited. *Diapulse Corp.*, 626 F.2d at 1110. *See also Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir.1960) ("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated."), *cert. denied*, 363 U.S. 843, 4 L.Ed.2d 1727 (1960). *Cf. Protective Life Ins. Corp. v. Lincoln National Life Ins. Corp.*, 873 F.2d 281, 282 (11th Cir.1989) (construing § 4 of the Act, which

provides for judicially compelled arbitration, to "narrowly circumscribe[]" the power of the federal courts).

*Id.* at 932.

This is consistent with language found in *Hall Street Associates v. Mattel,* 552 U.S. 576, 170 L. Ed. 2d 254 (2008), in which the United State Supreme Court held that the FAA's statutory grounds for prompt modification and vacatur of arbitration awards may not be supplemented by contract. In *Hall,* the Supreme Court held:

> Instead of fighting the text, it makes more sense to see the three provisions [of the FAA], §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process," *Kyocera Corp. v. Prudential-Bache,* 341 F.3d 987, 998 (CA9 2003); cf. *Ethyl Corp. v. United Steelworkers of America,* 768 F.2d 180, 184 (CA7 1985), and bring arbitration theory to grief in postarbitration process.

*Id.* at 588, 170 L. Ed. 2d at 265.

The reasoning of the 11th Circuit in *Booth v. Hume Pub., Inc.,* 902 F.2d 925, is persuasive, and we hold that the only counterclaims that are a proper response to a motion to confirm an arbitration award are those provided for in 9 U.S.C. §§ 10 and 11. Therefore, defendant's state law counterclaims are not properly before this Court. The dismissal of these claims by the trial court was proper.

AFFIRMED.

Judges STEPHENS and McCULLOUGH concur.