An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-606

Filed 3 June 2026

Mecklenburg County, No. 24CV039096-590

DOMINIQUE R. JACKSON, Plaintiff,

v.

CHARTER COMMUNICATIONS, INC., Defendant.

Appeal by plaintiff from order entered 30 January 2025 by Judge Karen Eady Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 November 2025.

> *Dominique R. Jackson, pro se plaintiff-appellant.*

> *Cranfill Sumner LLP, by Steven A. Bader and Kayla N. McDaniel, for defendant-appellee.*

GORE, Judge.

Plaintiff Dominique R. Jackson appeals from an order confirming the arbitration award and dismissing his motion to vacate. Plaintiff also filed a petition for writ of certiorari, and defendant moved to dismiss the appeal. Upon review of the briefs and record, we affirm the trial court's order, deny the petition as moot, and deny defendant's motion.

## I.

In December 2022, plaintiff initiated arbitration with the American Arbitration Association and attached a contract ("Contract 2") containing an arbitration provision. Following a hearing in December 2023, the arbitrator issued an award on 11 January 2024, awarding plaintiff $5,000.00 on his negligent infliction of emotional distress claim but no economic damages.

Plaintiff moved to modify the award on 30 January 2024, and the arbitrator denied the motion on 22 February 2024. According to defendant, the parties received the denial on 26 February 2024.

On 14 June 2024, plaintiff sent defendant a document styled as a motion to vacate the award that was not signed, filed, or served in accordance with applicable rules. Defendant moved to dismiss and to confirm the award.

The trial court entered an order confirming the arbitration award and dismissing plaintiff's motion to vacate. Plaintiff filed notice of appeal on 16 March 2025. The record contains no certificate of service showing when plaintiff was served with the order.

## II.

At the outset, the parties acknowledge the notice of appeal was filed more than thirty days after the trial court entered the order. Defendant has moved to dismiss the appeal based on this procedural error. Plaintiff responded by filing a petition for writ of certiorari requesting this Court invoke Rule 2 to review the appeal. This

presents a jurisdictional question for this Court. *See Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197–98 (2008) (cleaned up). Although the notice of appeal was filed more than thirty days after entry of judgment, because the record contains no certificate of service showing when plaintiff was served with the judgment, the notice is presumed timely. *See Brown v. Swarn*, 257 N.C. App. 417, 422 (2018). Therefore, the petition for writ of certiorari is moot and we deny defendant's motion to dismiss.

Plaintiff argues the trial court erred by confirming the arbitration award because the trial court lacked subject matter jurisdiction. Specifically, plaintiff contends the contract he attached to his arbitration demand (Contract 2), on which the arbitrator relied, was invalid because the parties had entered into a different contract ("Contract 1"). We disagree.

When parties agree to arbitrate, "a strong policy supports upholding arbitration awards." *Advantage Assets, Inc. II v. Howell*, 190 N.C. App. 443, 445 (2008) (cleaned up). Because the contracts at issue provide that the Federal Arbitration Act governs and involve interstate commerce, the FAA controls. *WMC, Inc. v. Weaver*, 166 N.C. App. 352, 358 (2004).

"Under the FAA, an arbitration award is presumed valid," and vacatur is limited to the grounds set forth in 9 U.S.C. § 10. *Snipes v. TitleMax of Virginia, Inc.*, 285 N.C. App. 176, 180 (2022) (cleaned up). A party seeking to vacate an award must also comply with the procedural requirements of 9 U.S.C. § 12, which requires service

of notice within three months after the award is filed or delivered. *See Portfolio Recovery Assocs., LLC v. Freeman*, 216 N.C. App. 397, 399–400 (2011); 9 U.S.C. § 12.

Similar to *Freeman*, plaintiff did not serve notice of a motion to vacate or modify the arbitration award within three months of delivery of the award. 216 N.C. App. at 401. Nor did plaintiff challenge the existence of the arbitration agreement through the procedural mechanisms provided in section 4 of the FAA. *See* 9 U.S.C. § 4. In fact, plaintiff initiated arbitration and later sought to partially vacate the award under § 10(a)(3) and § 10(a)(4) in the trial court. Only now, for the first time on appeal, does he challenge the award based on the validity of the underlying contract, while conceding in his brief that "the parties entered into a valid contract and arbitration agreement."

Plaintiff acknowledges a contractual relationship with defendant that included an arbitration provision; but now seeks to invalidate the award by arguing the contract he attached to his arbitration demand (Contract 2) was not the governing agreement and that a different contract (Contract 1) controlled. This is not a case in which plaintiff contends there was no agreement to arbitrate; rather, he disputes which contract governed. Accordingly, the FAA limits the court's ability to vacate the award to the grounds set forth in section 10. *See* 9 U.S.C. § 10; *but see AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986) (explaining that arbitration "is a matter of contract" and that courts determine whether the "parties agreed to arbitrate").

In the present case, plaintiff initiated arbitration and submitted the contract supporting his demand. The arbitrator awarded plaintiff $5,000.00, rather than the eleven million dollars he sought. Plaintiff then sought to vacate the award and re-arbitrate the matter. Plaintiff raises for the first time on appeal the argument that the contract used in arbitration differed from Contract 1.

Because plaintiff failed to timely and properly challenge the arbitration award under the procedural requirements of the FAA, including sections 4 and 12, that challenge is not properly before this Court. *See Freeman*, 216 N.C. App. at 400–01; *see also Howell*, 190 N.C. App. at 447.

Given our resolution of this issue, we do not address plaintiff's judicial estoppel argument.

**III.**

Because plaintiff failed to comply with the procedural requirements of the FAA to challenge the arbitration award, we affirm the trial court's order.

AFFIRMED.

Judges CARPENTER and WOOD concur.

Report per Rule 30(e).